IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KASIB TAUHEED BILAL                                             PLAINTIFF

v.                         No. 4:16-cv-675-DPM

PROGRESSIVE HOME OWNERS
& AUTO INSURANCE COMPANY
and AMERIPRISE AUTO & HOME
INSURANCE                                                       DEFENDANTS

ORDER

1. The Court appreciates the additional information from Bilal about his finances. His motion to proceed *in forma pauperis*, № 1, is conditionally granted. He has assets and income. He can pay the filing fee over time. Bilal must pay $100 on the first day of every month, beginning 1 November 2016, until the total fee ($400) is paid in full.

2. The Court must screen Bilal's claims before ordering service. 28 U.S.C. § 1915(e)(2). He says Progressive and Ameriprise have refused to pay fully for repairing his roof after storm damage and have canceled his policy—all because he is a black Muslim senior citizen. Bilal's constitutional claims fail at the threshold. The Fourth, Fifth, Sixth, and Eighth Amendments don't apply to Bilal's contract dispute with his insurance companies. His First Amendment and Fourteenth Amendment claims fail because neither a

government official nor government action was involved. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Because there is no employment relationship between Bilal and his insurance companies, neither Title VII nor the Age Discrimination in Employment Act applies. Bilal's complaint, though, states a claim under 42 U.S.C. § 1981 for unequal treatment based on race in a contractual relationship. That one claim goes forward.

3. Bilal's embedded request for a lawyer, № 2 at 3, is denied without prejudice. This dispute is straightforward; the facts and claim aren't complex enough to justify appointed counsel. Bilal is ably representing himself so far. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996). And he hasn't demonstrated that he's tried to find his own lawyer and couldn't. See the Court's civil form called *Motion for Appointment of Counsel* at http://www.are.uscourts.gov/civil-forms.

4. The Court directs Bilal to provide the names and addresses of the registered agents for Progressive and Ameriprise by 1 November 2016. The Court can't order service of his complaint and summons without this information.

5. Bilal must familiarize himself with this Court's Local Rules, which are also on the Court's website, and the Federal Rules of Civil Procedure. He must follow all those rules. And he must pay the filing fee over time (starting November 1st) and provide the names and addresses of defendants' registered agents by November 1st, or his complaint will be dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 October 2016